IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNIE WALLACE, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 22-201 |
| KILOLO KIJAKAZI, | ) |
| Defendant. | ) |

ORDER

AND NOW, this 29th day of March 2023, the Court, having considered the parties' motions for summary judgment, will grant Defendant's motion except as to costs.[1] The most recent denial of Plaintiff's applications for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence and will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[2]

---

[1]   Defendant has asked not only for a favorable determination of her summary judgment motion, but also that costs be taxed against Plaintiff. The latter request is unargued in her accompanying brief; therefore, the Court's Order excludes an award of costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that "conclusory assertions are not enough" to bring an issue before the courts).

[2]   Plaintiff has argued that the most recent decision finding her to be not disabled is unsupported by substantial evidence because the ALJ failed to adequately explain how she formulated Plaintiff's residual functional capacity ("RFC") without any social interaction limitations. Plaintiff has also argued the ALJ failed to support and adequately explain the physical limitations she included in Plaintiff's RFC. As explained herein, the Court is unpersuaded of the errors alleged.

This is the third time the Court has reviewed Plaintiff's claim. The Honorable Donetta W. Ambrose first remanded Plaintiff's case on March 7, 2016. (R. 699—706). And the undersigned remanded Plaintiff's case on September 11, 2019. (R. 1122—32). In the most recent remand order, the Court explained that the Administrative Law Judge ("ALJ") who authored the decision under review at that time failed to "provide an adequate explanation of her reasons for rejecting the social functioning limitations found in . . . three opinions." (R. 1131).

1

The Court further explained that the ALJ had not provided a rationale for affording those opinions "some weight" overall while rejecting the authors' opinions with respect to appropriate social restrictions. (*Id.*). On remand, Plaintiff appeared telephonically for a hearing before ALJ Leslie Perry-Dowdell. (R. 1035). ALJ Perry-Dowdell (hereinafter "the ALJ") issued an unfavorable decision (R. 1049) and, when the Appeals Council did not assume jurisdiction, that decision became the Acting Commissioner's final decision. 20 C.F.R. §§ 404.984(a), 416.1484(a).

The Court reviews findings of fact in the ALJ's decision for "substantial evidence." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Though the standard is deferential, reviewing courts must "scrutinize the entire record" to ensure an ALJ's decision is adequately supported, *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981), and an ALJ's failure to acknowledge relevant evidence may require remand. *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979). That said, the mere "presence of evidence in the record that supports a contrary conclusion does not undermine [an ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

ALJs use a five-step evaluation to assess alleged disability. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). Pursuant thereto, an ALJ inquires as to

> whether an applicant: (1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is "severe"; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; and (5) is able to perform work existing in significant numbers in the national economy.

*McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. §§ 404.1520(a)—(f), 416.920(a)—(f)). To assess a claimant's ability to return to past relevant work or adjust to other work, an ALJ must first formulate a claimant's RFC. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(5). "A claimant's RFC is an assessment of [his or her] ability to work for a maximum of eight hours per day, five days per week." *Schmidt v. Comm'r Soc. Sec.*, 465 Fed. Appx. 193, 196 (3d Cir. 2012); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations.").

In this matter, Plaintiff has argued the ALJ effectively ignored the Court's most recent remand order and formulated an RFC without social interaction limitations or an adequate explanation for the absence of such limitations. The Court is unpersuaded of the error alleged and finds the ALJ's formulation of an RFC without social interaction limitations is adequately supported and explained. On remand, the ALJ called on licensed psychologist Dr. Michael Lace to testify concerning Plaintiff's mental RFC. (R. 1083). Dr. Lace testified that he reviewed

Plaintiff's records, and he further testified that he believed Plaintiff would be moderately limited in understanding, remembering, and applying information. (R. 1083, 1085). He also testified that Plaintiff would be *mildly* limited in interacting with others, concentrating, and in adapting and maintaining herself. (R. 1085). Questioning Dr. Lace's opinion that Plaintiff had only mild social interaction limitations, the ALJ remarked:

> [Y]our opinion differs from the opinions of . . . Dr. Marsden (PHONETIC), Frentzel (PHONETIC), and Rattan (PHONETIC). And they all consider it to be moderate, that she had moderate limitations in at least interacting with others. Why don't you find that . . . what do you base your opinion on?

(R. 1086). Dr. Lace answered that he could not find support in the record for a moderate limitation in social functioning and that the opinions offered by Dr. Daniel Marston, Dr. Phyllis Brentzel, and Dr. Arlene Rattan were outdated and unsupported by subsequent evidence in Plaintiff's record. (*Id.*). In her decision, the ALJ afforded Dr. Lace's testimony "significant weight" in part because "[h]e correctly noted that there had been no clinical correlation or analysis of the claimant's purported 'emotional outbursts.'" (R. 1046). Based on this evidence, the ALJ did not include social limitations in the RFC. (R. 1041). Because the basis of the ALJ's finding in this regard is clear and because Dr. Lace's testimony is enough evidence to satisfy a reasonable mind, the Court is satisfied by the ALJ's evaluation of Plaintiff's capacity for social interaction in a work context.

     The Court is unmoved by Plaintiff's insistence that the ALJ erred not only in her RFC finding, but also in her related step-three finding of mild interaction limitations (R. 1040), by relying on evidence of sporadic activities to find Plaintiff was less limited in her social interactions than she alleged. (Doc. No. 16, pgs. 18—19) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 40 n.5 (3d Cir. 2001); *Gonzales v. Colvin*, 191 F. Supp. 3d 401, 423 (M.D. Pa. 2015)). At step three the ALJ had explained that, though Plaintiff testified she was "very confrontational," she also "denied having difficulty getting along with others," "lived with her boyfriend for six years," shopped twice monthly with friends, and indicated she "enjoy[ed] sitting and talking to her friends on a daily basis." (R. 1040). Throughout her brief, Plaintiff has argued that these interactions with friends and family should not have been found to disprove her testimony and other evidence of more than mild social interaction limitations. Plaintiff has also argued the ALJ should not have credited Dr. Lace over the other doctors who assessed her social interaction limitations. However, it is axiomatic that the ALJ is the ultimate arbiter of a claimant's RFC. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). All the evidence—including evidence of a claimant's daily activities—is relevant to an ALJ's evaluation of alleged symptoms and limitations. SSR 16-3P, 2017 WL 5180304, at *7 (S.S.A. Oct. 25, 2017); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Accordingly, the Court does not fault the ALJ for finding that daily-activities evidence undermined Plaintiff's representation of her social limitations. Plaintiff is correct that "sporadic" activities generally do not demonstrate a capacity for sustained work, *Fargnoli*, 247 F.3d at 40 n.5, but in this case the ALJ considered evidence of

3

Plaintiff's routine activities (R. 1040), and it was not unreasonable to find they undermined Plaintiff's alleged limitations.

With respect to the ALJ's reliance on Dr. Lace's testimony, there is no fault in it. Dr. Lace reviewed Plaintiff's entire record and explained why he believed the record supported no more than mild limitations in social interaction. (R. 1083, 1086). The ALJ found that his opinion in this regard was consistent with the absence of corroborative objective evidence of Plaintiff's alleged "emotional outbursts." (R. 1046). Dr. Lace did not examine Plaintiff, but it is only generally the case that examining sources' opinions are afforded more weight than opinions of non-examining sources. 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). And in this case the ALJ adequately explained her findings of lesser weight for other opinions, *e.g.*, the ALJ explained that some of Dr. Marston's opinions were unsupported and, thus, not entitled to as much weight as Dr. Lace's opinions. (R. 1046). Though evidence in the record, like Dr. Marston's opinions, could have been found to support greater restriction of Plaintiff's social interactions, the presence of such evidence does not undermine the ALJ's well-supported finding and thorough analysis in this regard. For these reasons, the Court rejects Plaintiff's argument that the ALJ's evaluation of her capacity for social interaction demands remand.

In addition to challenging the ALJ's evaluation of her capacity for social interaction, Plaintiff has also challenged the ALJ's assessment of her physical RFC. Her argument is that the ALJ afforded no more than "some weight" to relevant opinion evidence in this regard, and that she ultimately analyzed the "raw medical data" herself to determine which physical limitations were appropriate to include in the RFC. (Doc. No. 16, pgs. 25—27). Plaintiff has relatedly argued the ALJ failed to adequately explain her determination of the specific physical limitations that appear in the RFC. The Court is unpersuaded by this argument. As an initial matter, this Court has repeatedly explained that nothing "prohibit[s] the ALJ from making an RFC assessment even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary." *Doty v. Colvin*, No. CIV.A. 13-80-J, 2014 WL 29036, at *1 n.1 (W.D. Pa. Jan. 2, 2014) (citing *Doak v. Heckler*, 790 F.2d 26 (3d Cir. 1986)). Put differently, an ALJ's formulation of a claimant's RFC does not become a layman's medical analysis merely because the ALJ afforded no more than some weight to relevant opinions.

In this case, the ALJ's findings of physical limitations for Plaintiff's RFC were well-supported and explained. The ALJ limited Plaintiff to standing and walking for two hours; sitting for six hours; occasional climbing for ramps and stairs (but not ladders/ropes/scaffolds); occasional balancing, stooping, kneeling, crouching, and crawling; frequent fine and gross manipulation; no use of pedals or foot controls; no work at unprotected heights; and no "concentrated exposure" to temperature extremes and atmospheric irritants. (R. 1041). That finding is accompanied by a thorough review of Plaintiff's medical records (R. 1042—43) and medical opinion evidence (R. 1044—46). Therein the ALJ explained that evidence like Dr. Paul Fox's opinions that Plaintiff would be limited to "stand[ing] and/or walk[ing]" for two hours and sitting for six hours with postural limitations largely supported her RFC finding. (R. 538, 1044). After thoroughly reviewing the evidence, the ALJ added a narrative explanation of RFC

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED as specified above.

s/ Alan N. Bloch<br>
United States District Judge

ecf:  Counsel of Record

---

limitations wherein she explained that she accommodated Plaintiff's chronic knee pain with limitations of her standing and walking, use of foot controls, and postural limitations. (R. 1047). The ALJ eliminated "work at unprotected heights because the claimant might be unsteady on her feet" due, in part, to medication. (*Id.*). And she limited the frequency of fine and gross manipulation because of evidence of Plaintiff's hand tremors. (*Id.*). That explanation and the evidence cited in support of it satisfy the Court that Plaintiff's physical RFC is supported by substantial evidence. For this and the foregoing reasons, the Court will affirm the underlying decision finding Plaintiff to be not disabled.